TRI-STATE PIPE LINES CORPORATION, Respondent, v. SINCLAIR REFINING COMPANY, Appellant, et al. Defendants.— Order entered on February 23, 1966 unanimously reversed on the law, the facts and in the exercise of discretion, with $30 costs and disbursements to defendant-appellant, Sinclair, and plaintiff's motion for a protective order denied. Order entered on February 28, 1966 unanimously reversed on the law, the facts and in the exercise of discretion, with no costs or disbursements and motion for leave to file a statement of readiness denied. Order entered April 20, 1966 unanimously modified on the law, the facts and in the exercise of discretion, without costs or disbursements, to the extent of permitting Sinclair to examine Mrs. L. Duff before trial as a witness and otherwise dismissed as moot in view of the reversal and denial of plaintiff's motion for a protective order. Appellant was denied the right to examine the two individuals, who, together with plaintiff's president, Waters, who has already been examined by appellant, constituted the sole stockholders and officers of plaintiff corporation. Appellant was also denied the right to examine Mrs. L. Duff, Waters' secretary. The Empire-Power Plus contract, which underlies plaintiff's claims against Sinclair and to which Sinclair is a stranger, presents a basic issue in this litigation and the rights and duties flowing therefrom constitute one of the primary controversies between the parties. Said contract was executed in March, 1961, and was followed by a series of correspondence and meetings between the presidents of Power Plus and Ren, and the officers of plaintiff, relating to the performance of the parties under the contract. Testimony with respect to what took place during these communications and meetings is contradictory, as is testimony with respect to the intention of the parties in executing the contract. Mrs. Duff is allegedly responsible for a " typographical error " in the characterization of Waters as " president " of Empire, in the Empire-Power Plus agreement. These facts, together with others in the record before this court, indicate the necessity for the further examinations sought. Leave to file a statement of readiness should not have been granted pursuant to rule IV (subd. 4, pars. [f], [i]) of part 1 of the New York and Bronx Counties Supreme Court Rules, as plaintiff was not prevented from filing such statement because of any fault of the appellant. Appellant has not had a reasonable opportunity to complete its discovery procedures. Settle order on notice. Concur — Rabin, J. P., Stevens, Steuer and Capozzoli, JJ.

In the Matter of MILTON GLADSTONE, Petitioner.— Motion for a writ of error coram nobis to vacate order of disbarment entered on December 30, 1946 denied. Motion to dismiss application for a writ of error coram nobis granted. Concur — Botein, P. J., McNally, Eager, Steuer and Capozzoli, JJ.

LEWIS S. ROSENSTIEL, Appellant, v. SUSAN L. ROSENSTIEL, Respondent. — Appeal from order entered March 31, 1966, which advanced the cause to the Numbered Day Calendar of April 22, 1966 and denied plaintiff's cross motion for a stay of trial, unanimously dismissed, with $75 costs plus disbursements to defendant-respondent. No substantial rights of the appellant were affected by the order from which this appeal is taken. Concur — Breitel, J. P., Rabin, Eager, Steuer and Capozzoli, JJ.

In the Matter of SIDNEY J. UNGAR, an Attorney.— Motion to amend the order of disbarment of this court entered on April 21, 1966 denied. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.