TRI-STATE PIPE LINES CORPORATION, Respondent, *v.* SINCLAIR REFINING COMPANY, Appellant.

First Department, October 27, 1966.

*J. Donald Tierney* of counsel (*McLean, Morton & Boustead,* attorneys), for appellant.

*Otis Mark Waters* of counsel (*Timen & Waters,* attorneys), for respondent.

*Per Curiam.* This is a motion to dismiss an appeal from an order denying a motion by defendant, Sinclair Refining Com-

pany, to compel answers to questions asked and the production of documents sought, during an examination before trial of the plaintiff, by its president. In effect, defendant's motion was one seeking rulings upon an examination before trial. It has been held that rulings made upon objections on an examination before trial are not appealable. (*Lee* v. *Chemway Corp.*, 20 A D 2d 266; *Wall Street Traders* v. *Wang*, 12 A D 2d 757; *Caban* v. *New York City Tr. Auth.*, 10 A D 2d 548; *Oppenheimer* v. *Duophoto Corp.*, 271 App. Div. 1005.) Rulings made during an examination before trial are "comparable to rulings made during the course of a trial, from which no appeal lies" (*Hall* v. *Wood*, 5 A D 2d 998). An order, as distinguished from merely a ruling, to compel answers to certain questions at an examination before trial, is not appealable. (*Brown* v. *Golden*, 6 A D 2d 766.)

It has been suggested that "the remedy is not to appeal but to move at Special Term for an order reopening the examination for the purpose of permitting the questions to be answered." (Tripp, Guide to Motion Practice [Rev. ed.], § 68, subd. 7, p. 187 and 1949–1955 Suppl., § 68, subd. 7, p. 154; *Kogel* v. *Trump*, 271 App. Div. 890.)

The procedure which would require a party to move to reopen an examination for the purpose of permitting certain questions to be answered before any appeal could be taken, would insure that the party claiming to be aggrieved would make an adequate record demonstrating substantial prejudice as a consequence of the rulings made on the examination before trial. Disposition of any such motion, granting or denying an application to reopen, would then depend upon papers fully disclosing any prejudice to a substantial right of the party. It would thus avoid disruptive appeals during the course of an examination, as well as unnecessary appeals from rulings which did not substantially prejudice the party.

Appellant, herein, did not follow the suggested procedure. The course it pursued was to appeal from an order denying its motion for rulings requiring answers to questions and the production of documents. As indicated above, such an order is not appealable, and the motion to dismiss the appeal should be granted, without costs or disbursements, but without prejudice to appellant's moving to reopen the examination upon a proper showing of prejudice, or to proceed as it may otherwise be advised.

Botein, P. J., Breitel, McNally, Steuer and Capozzoli, JJ., concur.

Motion to dismiss appeal granted, without costs or disbursements, but without prejudice to appellant's moving to reopen the examination upon a proper showing of prejudice, or to proceed as it may otherwise be advised.