■ WILLIAM BRODY, Respondent, v. NEW YORK UNIVERSITY et al., Defendants, and ADRIAN W. ZORGNIATTI et al., Appellants.— Order, Supreme Court, New York County, entered on August 25, 1971, which denied defendants-appellants' motion to renew and reconsider their motion to open their default and to compel plaintiff to accept service of their answer, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs and without disbursements, and the motion for renewal of the application for vacatur of the default is granted, and upon renewal the motion to open the default is granted on condition however that the defendants-appellants shall pay to plaintiff the sum of $150 in costs, to be paid within 20 days of date of entry of the order hereon, and on further condition that defendants-appellants shall serve their answer within 20 days of date of entry of the order hereon. In the event of a failure of compliance with the aforesaid conditions, the order appealed from is unanimously affirmed, with $30 costs and disbursements of this appeal to respondent. Appellants' application for leave to renew the prior motion to open the default judgment entered against them and compel plaintiff to accept their answer was based on new and additional facts so that the denial of the motion was appealable. (See *Estrow* v. *Wilson*, 30 A D 2d 646.) In this malpractice action, appellants' delay in answering does not appear to have been either willful or prejudicial. Sufficient has been shown to excuse appellants' default and the existence of a meritorious defense. On this record appellants have clearly established their right to have their day in court. The denial of appellants' motion to renew their prior application to open their default and compel acceptance of their answer was an improvident exercise of discretion. Concur — McGivern, J. P., Nunez, Kupferman, Steuer and Tilzer, JJ.

■ ALLIED ARTISTS PICTURE CORPORATION, Appellant, v. MAX L. RAAB PRODUCTIONS, INC., Respondent.— Appeal from order, Supreme Court, New York County, entered on October 20, 1971, directing plaintiff to " identify and produce documents ", unanimously dismissed, without costs and without disbursements. The motion below, irrespective of how denominated by plaintiff, was in the nature of one for rulings upon an examination before trial, and, as such, is not appealable (*Tri-State Pipe Lines Corp.* v. *Sinclair Refining Co.*, 26 A D 2d 285). Concur — Stevens, P. J., Capozzoli, Markewich, Murphy and McNally, JJ.