■ IRWIN H. ZANDMAN, Appellant, v EDWARD NISSENBAUM et al., Respondents.—Order, Supreme Court, New York County, entered May 25, 1976, which, *inter alia,* denied plaintiff's motion for a preliminary injunction and directed a reference of the issue of the intent of the parties to arbitrate, unanimously modified, on the law, to the extent of vacating the appointment of a Special Referee and remanding to Special Term for the court to appoint an arbitrator pursuant to CPLR 7504 and otherwise affirmed, without costs or disbursements. The individual parties practiced dentistry through the medium of a professional corporation. There were four office locations and each participant was assigned to a particular office during specified times. Each dentist did not initially devote full time to the professional corporation and, in fact, plaintiff had his own private patients whom he treated at his own separate office. The plaintiff's work habits were considered by the individual shareholders in the professional corporation to be detrimental to the future growth of the corporation, and at a meeting they voted, pursuant to the shareholders' agreement, to expel plaintiff and compel redemption of his shares. Plaintiff sought preliminary injunctive relief claiming irreparable harm. However, plaintiff does not deny at least one of the acts complained of (viz., persistent lateness for appointments). Upon the record presented to this court, it cannot be stated that plaintiff has shown clear right to the relief sought. In addition, there was no showing of irreparable injury, since the defendants can respond in money damages if plaintiff ultimately prevails. Under these circumstances, Special Term providently exercised its discretion in declining a preliminary injunction. The

shareholders' agreement provided for resolution of disputes by arbitration under the rules of the American Medical Association; however, the American Medical Association apparently does not provide for arbitration of issues such as those raised by the parties. Special Term directed that the issue of the intent of the parties to arbitrate be sent to a Special Referee to hear and report. The agreement of the parties is unambiguous. The language used clearly requires that disputes be settled by arbitration. Where the forum designated for arbitration is inappropriate or fails for any reason, the court is empowered to appoint an arbitrator (CPLR 7504). The appointment of a referee by Special Term to determine the intent of the parties to arbitrate was therefore in error. We have remanded this matter to Special Term in order that the court appoint an arbitrator with due regard to the arbitrator's qualifications in the health field in order that he be familiar with the problems raised by the parties. Concur—Kupferman, J. P., Lupiano, Silverman and Lane, JJ.