■ MINDY KLEIN, Respondent, v LEWIS SCHNEIDERMAN et al., Appellants.—Appeal from an order, Supreme Court, New York County, entered March 11, 1977, denying defendants' motion to compel a further deposition of plaintiff on the subject of whether or not she used certain drugs on and prior to the date of the accident or, in the alternative, dismissing her complaint, unanimously dismissed. Respondent shall recover of appellants $40 costs and disbursements of this appeal. In effect, the defendants' application is one seeking rulings upon an examination before trial. They have "short-circuited" the procedure outlined in *Tri-State Pipe Lines Corp. v Sinclair Refining Co.* (26 AD2d 285, app dsmd 26 AD2d 544). Rulings made upon objections on an examination before trial are not appealable *(Lee v Chemway Corp.,* 20 AD2d 266; *Empire Brushes v Gantz,* 35 AD2d 736). Although we conclude that the appeal should be dismissed, we have considered the points raised by defendants-appellants and also conclude that Special Term's order constituted a proper exercise of its discretion. Concur—Murphy, P. J., Lupiano, Birns and Capozzoli, JJ.

■ S. H. KRESS-SHOREVIEW, INC., Respondent, v RICHARD KLEIMAN, Appellant.—Order, Supreme Court, New York County, entered April 28, 1977, striking defendant's answer conditionally and affording defendant the opportunity to cure the default by producing certain documents at Special Term, unanimously affirmed, without cost and without disbursements. Special Term by order entered October 9, 1975, directed defendant to make his books and records for certain years available for discovery and inspection within a limited time. By order entered October 1, 1976, Special Term, *inter alia,* directed defendant, together with his books and records, to appear for examination before trial. Finally, by order entered April 28, 1977 (the order appealed from herein), Special Term struck the defendant's answer for failure to produce those books and records, but afforded defendant an opportunity to cure the default. On this record it is clear that defendant is seeking to delay production of the records and has ignored court orders to produce same. Special Term properly exercised its discretion in conditionally striking the answer (CPLR 3126, subd [3]). However, we afford defendant one final opportunity to cure his default by producing the documents at Special Term, Part II, at 9:30 A.M. on July 18, 1977. Upon completion of production, but no later than August 1, 1977, an order may be settled at Special Term reinstating the answer. The oral application by defendant-appellant to submit a supplemental record is granted. Concur—Murphy, P. J., Lupiano, Birns and Capozzoli, JJ.