■ ANASTASIA ITHIER, Respondent, v LEONARD SOLOMON, Appellant, et al., Defendant.—In a medical malpractice action, defendant Solomon appeals from an order of the Supreme Court, Nassau County, dated October 6, 1976, which granted plaintiff's motion to compel him to answer certain questions propounded at an examination before trial. Permission for the taking of this appeal is hereby granted by Mr. Justice Shapiro. Order reversed, without costs or disbursements, and motion denied. In this malpractice action, plaintiff-respondent alleged that the appellant doctor had misdiagnosed her ailment as tuberculosis, thereby causing her damages. In November, 1975 appellant appeared for an examination before trial. At that time he was asked by plaintiff's counsel, *inter alia*, (1) whether he recognized any books, authorities or works as authoritative or standard in the field of tuberculosis; (2) what books he considered authoritative in the field of tuberculosis; and (3) what books he studied in medical school or subsequent thereto dealing with tuberculosis. In our view, these questions proposed by plaintiff's counsel are improper and appellant need not answer them. It is well settled that an expert may be questioned through the use of a scientific work or treatise. However, in order to lay a foundation for the use of such material, he must first admit to its authoritativeness *(People v Feldman,* 299 NY 153; *Mark v Colgate Univ.,* 53 AD2d 884; *Hastings v Chrysler Corp.,* 273 App Div 292; Richardson, Evidence [Prince, 10th ed], § 373). In the case at bar, appellant was never confronted with a specific work or treatise and asked whether he considered it authoritative. Rather, he was asked which books he considered authoritative. These questions were altogether too broad. The question relating to which books appellant had read in medical school and subsequent thereto dealing with tuberculosis suffers from the same imperfection. Although neither side raised the issue, it has been held that orders made upon questions propounded at an examination before trial are not appealable as of right *(Lacerenza v Rich,* 39 AD2d 716). However, leave to appeal has been granted here pursuant to CPLR 5701 (subd [c]) because of the circumstances of the case. Shapiro, J. P., Titone, Suozzi and O'Connor, JJ., concur.

■ CARMELLA JANKAY, Appellant, v CLEAROLL POLY FILM, INC., Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from (1) an order of the Supreme Court, Kings County, dated June 23, 1976, which denied her motion for leave to (a) amend the *ad damnum* clause of her complaint and (b) serve a further bill of particulars and (2) a further order of the same court, dated August 2, 1976, which denied her motion to resettle the prior order. Order dated June 23, 1976 reversed, without costs or disbursements, and motion granted. The time within which the amended bill of particulars may be served is extended until 20 days after entry of the order to be made hereon. Appeal from the order dated August 2, 1976 dismissed as academic, without costs or disbursements. In the circumstances disclosed, denial of leave to amend the *ad damnum* clause of the complaint constituted an improvident exercise of discretion. Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.