■ First National State Bank of New Jersey, Respondent, v Herbert S. Schwartzman et al., Defendants, and Hilliard J. Lenox, Appellant.—In an action, *inter alia,* to recover damages for conversion, defendant Lenox appeals from an order of the Supreme Court, Nassau County, dated March 25, 1977, which denied his motion for reinstatement of his answer, which

had been stricken by a prior order of the same court made on default. Order reversed, without costs or disbursements, on condition that, within 20 days after entry of the order to be made hereon, (a) appellant signs a copy of the deposition in issue, in accordance with the provisions of CPLR 3116 (subd [a]) and (b) appellant's attorney pays the sum of $750 to plaintiff-respondent; in the event such conditions are not complied with, order affirmed, with $50 costs and disbursements. By notice of motion dated October 1, 1976, plaintiff moved to strike the appellant's answer on the ground that he had willfully refused to sign and return the transcripts of his deposition. Special Term, in an order dated October 28, 1976, directed appellant to sign the originals of the transcripts within a limited time. By letter dated November 9, 1976 appellant returned the transcripts unsigned, stating in the letter that he had made corrections in the transcripts and that his signature on the letter should cover his approval of the transcripts as corrected. By notice of motion dated November 12, 1976, plaintiff again moved to strike appellant's answer on the ground of his willful refusal to sign and return the transcripts of his EBT. That motion was unopposed and Special Term granted it in an order dated December 1, 1976. Defendant thereafter moved by order to show cause dated March 11, 1977 for reinstatement of his answer. That motion was denied in the order appealed from. On the record presented, it is clear that appellant sought to delay prosecution of this matter. However, because of the drastic nature of the relief granted to plaintiff we have afforded appellant one final opportunity to sign and return the transcripts of his deposition (cf. *S. H. Kress-Shoreview v Kleiman*, 58 AD2d 763; *Iessi v Marino*, 42 AD2d 583; *Cinelli v Radcliffe*, 35 AD2d 829). While appellant's counsel has not adequately explained his failure to oppose the motion which gave rise to the order dated December 1, 1976, the default does not appear to have been willful. However, appellant's attorney should be required to pay plaintiff the sum of $750 as a penalty for the delay and inconvenience which he has caused. Hopkins, J. P., Latham, Titone and O'Connor, JJ., concur.