■ KENDALL REGO, Appellant, v MARLENE REGO, Respondent.—In a matrimonial action, plaintiff appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of divorce of the Supreme Court, Richmond County, dated January 17, 1977, which, after a nonjury trial, *inter alia,* directed him to pay alimony in the amount of $31 per week. Judgment modified, on the facts, by reducing the amount awarded therein as alimony to $16 per week. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. On the proof adduced, the allowance to the defendant is excessive to the extent indicated herein. Hopkins, J. P., Suozzi, Margett and Hawkins, JJ., concur.

■ MARTIN SIEGAL, Individually, and as Administrator of the Estate of LITA SIEGAL, Deceased, Appellant, v MATTHEW ARNAO et al., Respondents, et al., Defendants.—In a medical malpractice action, plaintiffs appeal, as limited by their brief, from so much of a resettled order of the Supreme Court, Kings County, dated September 26, 1977, as, *inter alia,* denied their motion to strike the answers of the respondents or, in the alternative, to recover disbursements, costs and attorneys' fees due to respondents' alleged obstructive and unfounded objections to questions propounded at an examination before trial. Appeal dismissed, without costs or disbursements. In effect, plaintiffs' application was one "seeking rulings on an examination before trial" *(Klein v Schneiderman,* 58 AD2d 763). Orders made upon questions propounded at an examination before trial are not appealable as of right *(Ithier v Solomon,* 59 AD2d 935; *Lacerenza v Rich,* 39 AD2d 716). It is the policy of this court that applications for leave to appeal from orders made with respect to the propriety of questions propounded at an examination before trial will not be granted unless the rulings were made upon a motion on notice or upon a full record, in which event the applications will be considered on their merits. No application for leave to appeal has been made in the case at bar and we would not have granted leave to appeal had such a request been made. Hopkins, J. P., Titone, Suozzi and Margett, JJ., concur.

■ LESLIE STRICKER et al., Appellants, v RICHARD E. BURNS et al., Constituting the Town Board of the Town of New Castle, Respondents. LESLIE STRICKER et al., Appellants, v R. WORTHINGTON TUCKER et al., Constituting the Zoning Board of Appeals of the Town of New Castle, Respondents.—In (1) an action to declare a certain provision of the zoning ordinance of the Town of New Castle to be void and unconstitutional and (2) a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of New Castle which, after a public hearing, denied the application of petitioners for a variance to permit the construction of a chicken coop, the appeals are from (1) an order of the Supreme Court, Westchester County, dated August 17, 1976, which, *inter alia,* declared the ordinance in question to be valid, and (2) a judgment of the same court, also dated August 17, 1976, which, *inter alia,* dismissed the article 78 proceeding. Order and judgment affirmed, with one bill of costs, upon the opinion of Mr. Justice Rubenfeld at Special Term. Latham, J. P., Rabin, Gulotta and O'Connor, JJ., concur.