■ CLARENCE PAIGE, Appellant, v CAROL L. STEVENSON, Individually and as Administratrix of the Estate of FRANK C. WHITTAKER, Deceased, Respondent, et al., Defendant.—Order of the Supreme Court, New York County, entered November 30, 1976, granting respondent's motion for reargument of a prior order, entered June 7, 1976, and upon reargument denying appellant's application to increase the *ad damnum* clause of the complaint from $100,000 to $1,000,000, unanimously reversed, in the exercise of discretion, to the extent of granting appellant's application to increase the *ad damnum* clause as requested, and otherwise affirmed, without costs or disbursements. We note that the order of June 6, 1976 of Special Term provided for an amendment of the bill of particulars to increase the appellant's claimed loss of earnings to $240,000. This order also accepted an increased claim of $1,000,000 as damages alleged. In this posture it is inconsistent and an improvident exercise of discretion for Special Term upon reargument, in its order entered November 30, 1976 to deny appellant's motion to increase the *ad damnum* clause and restrict the claim of damages to $100,000. We find no prejudice to defendant inasmuch as it had notice through the original bill of particulars served December 2, 1974 of increased loss of earnings. Concur—Lupiano, J. P., Birns, Lane, Sandler and Sullivan, JJ.

■ In the Matter of CHARLES R. LACHMAN, a Proposed Conservatee, Respondent-Appellant. RITA D. LACHMAN, Appellant-Respondent; LEON HERSHBAUM et al., Respondents.—Judgment, Supreme Court, New York County, entered June 30, 1977, dismissing petition for appointment of a conservator of the property of the proposed conservatee, is unanimously modified, in the exercise of discretion, so as to strike the provision in the next to the last decretal paragraph "and that sum be paid to him by the respondent herein" and to substitute therefor "and that sum be paid to him by the petitioner herein," and the judgment is otherwise affirmed, without costs and without disbursements. The evidence is overwhelming that there is no need for the appointment of a conservator in this case and the Trial Justice who saw the proposed conservatee so found. However, the fee of the guardian ad litem should be paid by petitioner, the proposed conservatee's former wife, who instituted this unmeritorious proceeding and who is well able to afford to pay the fee. "Petitioner-respondent having procured the appointment of the guardian ad litem without notice to respondent-appellant * * * and on the basis of a petition found * * * to merit dismissal, respondent * * * may not properly be charged with the guardian's allowance." *(Matter of Levy,* 31 AD2d 532.) Concur—Lupiano, J. P., Birns, Silverman, Evans and Sullivan, JJ.

■ BEEKMAN TERRACE, INC., Respondent, v F. MICHAEL REILLY, Appellant.—Order, Appellate Term of the Supreme Court, First Department, entered on October 3, 1977, unanimously affirmed on the opinion at Appellate Term. Petitioner landlord respondent shall recover of respondent tenant appellant $60 costs and disbursements of this appeal. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.