■ DENTAL LEASING CORP., Respondent, v STANLEY J. ANTONOFF, Appellant.—Appeal from order, Supreme Court, New York County, entered March 30, 1977, unanimously dismissed, without costs and without disbursements, and without prejudice to an application by defendant-appellant to reopen plaintiff-respondent's examination before trial in order to pursue before Special Term, Part II, rulings on objections previously interposed on plaintiff's examination. Appellant has failed to follow the procedure set forth in *Tri-State Pipe Lines Corp. v Sinclair Refining Co.* (26 AD2d 285, app dsmd 26 AD2d 544). The attempt to circumvent that procedure by appellant's application for penalties under CPLR 3124 does not make the order thereon appealable. *(Klein v Schneiderman,* 58 AD2d 763.) Concur—Kupferman, J. P., Lupiano, Birns, Evans and Sullivan, JJ.

■ GORDON A. THOMAS, Appellant, v UNITED PARCEL SERVICE OF NEW YORK et al., Respondents. UNITED PARCEL SERVICE OF NEW YORK, Third-Party Plaintiff-Respondent, v WILLIAM J. BURNS INTERNATIONAL DETECTIVE AGENCY, INC.; Third-Party Defendant-Respondent.—Order, Supreme Court, Bronx County, entered May 31, 1977, denying plaintiff's motion to increase the *ad damnum* clause from $150,000 to $400,000, unanimously reversed, in the exercise of discretion, without costs or disbursements, and the motion granted, with leave to defendants to conduct a further physical examination of plaintiff. Although this motion was made three months after the filing of the note of issue and three years after joinder of issue, we are of the view that amendment of the *ad damnum* clause should have been permitted. Four years after the accident, plaintiff is still incapacitated as a result of the partial permanent disability originally diagnosed and his loss of earnings continues unabated. At the time plaintiff moved for leave to amend, his lost earnings were over $33,000. Clearly, the extent of his disability and consequent damages were underestimated and he should not be penalized for this miscalculation, especially since no prejudice can be shown. (Cf. *Paige v Stevenson,* 61 AD2d 899.) No new injuries are being introduced. From the bills of particulars defendants were always aware of the nature of the injuries, plaintiff's continuing disability, and his loss of income. Of course, defendants should have the opportunity for a further physical examination, should they be so inclined. Concur—Kupferman, J. P., Lupiano, Lane, Sandler and Sullivan, JJ.