■ HILARY A. SPATZ et al., Appellants, v WIDE WORLD TRAVEL SERVICE INC., Doing Business as GLOBETROTTERS, et al., Respondents.—Appeal from an order, Supreme Court, New York County, entered on February 6, 1979, to the extent it granted defendant's motion to compel certain plaintiffs to respond to specified questions at their examination before trial, *inter alia,* relating to their ability and willingness to pay the costs of this class action, dismissed, without costs. Otherwise, the order in so far as it directed that examinations be held in New York City and denied the application to conduct them by way of written interrogatories is affirmed, without costs. In effect, the defendants' application primarily seeks rulings on an examination before trial, and such rulings are not appealable *(Tri-State Pipe Lines Corp. v Sinclair Refining Co.,* 26 AD2d 285; *Klein v Schneiderman,* 58 AD2d 763). Although we conclude that the appeal should be dismissed to that extent, we have considered the other points raised by defendant-respondents and conclude that Special Term's order constituted a proper exercise of its discretion. The appellants argued at Special Term that being California residents, it would be inconvenient for them to appear in New York for further examination before trial, and that they should not be required to answer questions, *inter alia,* relative to their ability or willingness to pay the costs of class action litigation. A necessary prerequisite to a class action is that the representative parties have the ability to and will fairly protect the interests of the class (CPLR 901, subd a, par 4). Those who seek the right to act as a class representative serve in a fiduciary capacity *(Vallone v Delpark Equities,* 95 Misc 2d 161). The progress of a class action could very well depend upon the willingness of the plaintiffs-appellants to provide what is needed to give the greatest assurance that the interests of the class will be protected, and therefore they may not avoid inquiries as to whether they could and would undertake the necessary expenses that may be incurred protecting and furthering those interests. The plaintiff-appellants elected to invoke the jurisdiction of the courts within the State of New York. We note that the examination, by stipulation of the parties, will also encompass a great many questions going to the merits of the lawsuit. Having selected this jurisdiction, the court correctly directed that the examination be held in New York. Although it would be more convenient for plaintiffs to be examined in the States where they reside, a requirement to submit to an examination in New York (the jurisdiction which they chose) does not

amount to an undue hardship *(Schoen v Morgan Trucking Co.,* 13 AD2d 622). Moreover, any inconvenience is self-imposed, since the need for plaintiffs' reappearance is necessitated by their earlier refusal, at the direction of counsel, to answer questions. Counsel is without authority to direct a witness to refuse to answer questions at an examination before trial. Perhaps if the only questions to be addressed to the California plaintiffs were to relate to their ability and willingness to pay the costs of this class action, there would be more room for devising an alternative means of securing their answers without the necessity of a transcontinental trip. But the plaintiffs have yet to answer a large body of additional questions relating to the merits and the answers to these questions may well open the door to further inquiry. Concur—Fein, J. P., Sandler, Sullivan and Ross, JJ.