■ LENORE POLSKY, Respondent, v UNION MUTUAL STOCK LIFE INSURANCE COMPANY OF NEW YORK, Appellant. LENORE POLSKY, Respondent-Appellant, v MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant-Respondent. — Order, Supreme Court, New York County, entered September 30, 1980, which, *inter alia*, denied the defendant's motion to reopen the exam-

ination of Dr. Irving Zekind and to have a Special Master appointed to supervise said deposition, unanimously modified, on the law, and on the facts, without costs and disbursements, to the extent of reversing the denial of so much of defendant's motion as sought to reopen the examination of Dr. Irving Zekind; the defendant's motion is granted to the extent of reopening the examination of said dentist, and, as so modified, the order is affirmed. Order, Supreme Court, New York County, entered October 30, 1980, which denied plaintiff's motion for an order compelling the defendant to produce for inspection and copying an investigation report, and denied the cross motion by the defendant to reopen the examination of Dr. Irving Zekind, unanimously modified, on the law, and on the facts, without costs and disbursements, to the extent of reversing the denial of defendant's cross motion; the cross motion to reopen the examination of said dentist is granted, and, as so modified, the order is affirmed. In both actions by a widow to recover the accidental death benefit under life insurance policies issued to her deceased husband by the defendant insurers, the defendants appeal from orders denying their respective motions to reopen the examination before trial of Dr. Irving Zekind, the dentist and personal friend of the decedent with whom the decedent had discussed suicide. Both orders are appealable, because the defendant insurers have properly utilized the procedure delineated by this court in *Tri-State Pipe Lines Corp. v Sinclair Refining Co.* (26 AD2d 285, 286) (see, also, *Kogel v Trump,* 271 App Div 890; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3124, C3124:5, p 630). The decedent, a 51-year-old stockbroker whose business had declined and who had lost his job, left his home on Christmas morning, 1977, and drove some 50 miles to Stony Point, New York, and abandoned the car. Thirteen days later, his body was found in the nearby Hudson River. The defendant insurers correctly state that the plaintiff widow and the dentist asserting the dentist-patient privilege bear the burden of showing its application to the present case. They have to establish that the dentist, whose testimony is sought to be excluded, acquired such information while attending the patient in a professional capacity and that the information was necessary to enable him to act in that capacity, and that the information was intended to be confidential. In the instant matter, it is obvious that the information supplied by the decedent about his mental condition was unnecessary for the dentist to treat his patient's mouth. The rulings made at Special Term substantially prejudiced the defendant insurers in advancing their defense of suicide by unduly restricting the insurers' right to relevant information with respect to the alleged suicide, which information was subject to full disclosure. Defendants have demonstrated sufficient substantial prejudice to warrant a reversal under the guidelines set forth in *Tri-State Pipe Lines (supra).* The other issues raised on the appeal regarding whether or not a special Master should be appointed to supervise plaintiff's examination and plaintiff's attempt to obtain an investigative report prepared for litigation were properly determined by Special Term. Concur — Ross, J.P., Markewich, Lupiano, Silverman and Bloom, JJ.