■ NIGEL J. BLATCHLY, Doing Business as DEVON REALTY, Petitioner, v DEPARTMENT OF STATE OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the Secretary of State, dated September 24, 1979 and made after a hearing, which found that petitioner had demonstrated untrustworthiness and revoked his real estate broker's license. Petition granted to the extent that the determination is modified, on the law, by vacating the penalty imposed. As so modified, determination confirmed, without costs or disbursements, petition otherwise dismissed on the merits and the matter is remitted to the Secretary of State for the imposition of a new penalty in accordance herewith. We find there was substantial evidence to sustain the charge against the petitioner. However, the penalty imposed, revocation of his license, is so disproportionate to his misconduct in light of all the circumstances to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Petitioner has been a real estate broker for 27 years. There is no indication of prior violations committed by him. Accordingly we find that a three-month suspension is "the maximum penalty the record will sustain" *(Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874, 876). Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.

■ BRUCE BRODSKY et al., on Behalf of Themselves and All Other Former Residential Customers of Selden Sanitary Corp., Similarly Situated, Respondents, v SELDEN SANITARY CORP., Appellant, et al., Defendants. — In an action, *inter alia,* to declare that the sewer rates charged by defendant Selden Sanitary Corp. for the period January 1, 1977 to January 1, 1978 were illegally and improperly collected and to enjoin said defendant from collecting said rates, defendant Selden appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated November 28, 1980, as denied its motion to compel plaintiffs Brodsky and Lunden to respond to certain questions propounded at an examination before trial. Appeal dismissed, without costs or disbursements. In effect, defendant Selden's application "was one 'seeking rulings on an examination before trial' *(Klein v Schneiderman,* 58 AD2d 763). Orders made upon questions propounded at an examination before trial are not appealable as of right" (see *Siegal v Arnao,* 61 AD2d 812). No application for leave to appeal has been made in the case at bar and we would not have granted leave to appeal had such a request been made. We have, however, examined the merits and have concluded that we would affirm the order insofar as appealed from if the appeal were not being dismissed. Damiani, J. P., Gulotta, O'Connor and Thompson, JJ., concur.