■ CAMERON SIDBURY, an Infant, by His Mother and Natural Guardian, EDITH FOSTER, Respondent, v GREAT BEAR SPRING Co. et al., Appellants.—Order of the Supreme Court, New York County (Kenneth L. Shorter, J.), entered January 13, 1987, which granted to defendants-appellants Great Bear Spring Co. and George J. Kraus a limited time for discovery of witnesses but which was entered after the time allowed, unanimously modified, on the law and the facts, to strike note of issue and vacate statement of readiness, and to permit further discovery, and otherwise affirmed, with costs.

Allegedly, a truck driven by defendant-appellant George Kraus, and owned by defendant-appellant Great Bear Spring Co., struck and injured Cameron Sidbury, an infant. Sidbury, through his mother and natural guardian, Edith Foster, commenced this action. This appeal concerns discovery of witnesses.

On May 23, 1985, Great Bear served upon Ms. Foster a demand for names and addresses of witnesses. On November 25, 1986, a week before jury selection was to begin and two days before Thanksgiving weekend, Ms. Foster's attorney served on Great Bear a letter identifying three alleged witnesses. The next day, Ms. Foster's attorney provided a list of four additional witnesses. On December 1, 1986, the date set to commence jury selection, Great Bear sought preclusion of the testimony of the seven witnesses, or, in the alternative, the right to conduct further pretrial discovery with respect to those witnesses.

In an order entered January 13, 1987, Justice Shorter gave

defendants until January 2, 1987 to begin discovery of the new witnesses.

Inasmuch as this order was entered 11 days after the last day on which it could be enforced, to give any effect to it, we must grant appellants relief. They should have the right to whatever further discovery is necessary. Any other result would reward respondent's lawyers for their tardy submission of a list of witnesses, and violate the well-established rules allowing liberal discovery of witnesses. (CPLR 3101 [a] [4]; *New England Mut. Life Ins. Co. v Kelly,* 113 AD2d 285, 288.) Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Wallach, JJ.