■ METROPOLITAN MEDICAL GROUP, P. C., Appellant-Respondent, v MARGARET M. EATON, Respondent-Appellant.—Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered April 26, 1989, which denied plaintiff Metropolitan Medical Group, P. C.'s motion for a preliminary injunction restraining defendant Margaret M. Eaton from soliciting, inducing or contacting plaintiff's patients to terminate treatment with it and undergo therapy with her, allegedly in violation of a restrictive covenant in the employment agreement between the parties, is affirmed, without costs or disbursements. Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered May 6, 1989, which denied defendant's motion for summary judgment dismissing plaintiff's complaint, is affirmed, without costs or disbursements. Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered on or about May 19, 1989, which granted defendant's motion for a protective order vacating plaintiff's notice to take depositions of defendant's patients, is affirmed, without costs or disbursements.

Plaintiff corporation, which furnishes medical, psychiatric and psychological treatment for private patients, hired defendant, a licensed psychologist, in July 1986, pursuant to an employment agreement executed by defendant on November 19, 1986, to provide psychological treatment and counseling services at Regent Hospital in New York County. Paragraph 7 of the employment agreement sets forth a restrictive covenant that defendant, for a period of one year after expiration or termination of employment, would not, directly or indirectly, compete by rendering clinical or psychological services within a radius of 20 miles of Regent.

After commencing this instant action, plaintiff sought a

preliminary injunction restraining defendant from violating the covenant and providing services as a practicing psychologist to plaintiff's patients within the prohibited radius. Plaintiff's president filed an affidavit in support of the motion for injunctive relief in which it was alleged that defendant had begun to treat at least 10 of plaintiff's Regent Hospital patients, as a result of inducements and enticements made by defendant while still employed by plaintiff.

In opposition, defendant filed an affidavit stating that at the time she joined plaintiff, she brought with her private patients for whom she previously had provided counseling and treatment for drug and alcohol problems. When she decided to leave plaintiff, she informed her patients and left to them the choice to continue treatment with plaintiff or with her in her private practice in her apartment on the west side of Manhattan, within the 20-mile radius. She admitted a number of plaintiff's former patients had sought her services but denied soliciting them to leave plaintiff. She contended that the nature of her relationship with these patients was such that, if treatment were discontinued as a result of an injunction, the patients would suffer. She annexed to her opposition papers letters from a number of her patients indicating that they had, on their own, chosen to continue therapy with her rather than with plaintiff. Finally, she alleged that plaintiff was selectively enforcing the restrictive covenant, since another named professional had been permitted to leave plaintiff's employ and start a private practice within the restricted geographical area.

We agree with the IAS court that plaintiff failed to show it would suffer irreparable injury, absent injunctive relief, since defendant can respond in monetary damages if plaintiff ultimately prevails (see, Zandman v Nissenbaum, 53 AD2d 837). Plaintiff's contention that a monetary award will not deter other employees from breaching their restrictive covenants is not well founded. The same sanction of monetary damages would be available against them and, in any event, they have no assurance that injunctive relief would not be available to plaintiff under other factual circumstances.

Further, the IAS court did not abuse its discretion in granting defendant's motion for a protective order. Plaintiff failed in its notice to take the depositions of the nonparty witnesses to state "the circumstances or reasons such disclosure is sought or required" (CPLR 3101 [a] [4]; see, New England Mut. Life Ins. Co. v Kelly, 113 AD2d 285, 288).

Finally, the IAS court correctly denied defendant's motion for summary judgment dismissing the complaint.

Concededly, restrictive covenants against employees are disfavored by law and will be enforced only if reasonably limited as to purpose, time and geography, and then only to the extent necessary to protect the employer from unfair competition *(see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496). However, the facts of the matter before us have not been sufficiently developed on the record below to make such a determination as a matter of law. In *Gelder Med. Group v Webber* (41 NY2d 680, 681), Chief Judge Breitel, writing for the court, stated: "At issue is whether a partner who has been forced out of a partnership as permitted by the partnership agreement may be held to his covenant not to compete within a restricted radius of 30 miles for a five-year period." The Court of Appeals found that the covenant not to compete within a radius of 30 miles for a five-year period was "a reasonable restrictive covenant" *(supra,* at 681). The reasonableness, therefore, of the 20-mile restrictive covenant herein is an issue which must be determined only after a fuller exploration of the facts. Concur—Sullivan, J. P., Carro, Asch, Milonas and Wallach, JJ.