Harris v Patients Med., P.C. (2019 NY Slip Op 00974)





Harris v Patients Med., P.C.


2019 NY Slip Op 00974


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Acosta, P.J., Gische, Kapnick, Gesmer, Singh, JJ.


8352N 159990/7 595107/18

[*1] Marcia Harris, M.D., Plaintiff-Respondent,
v
Patients Medical, P.C., Defendant-Appellant.
Patients Medical, P.C., Third-Party Plaintiff-Appellant,
v
John P. Salerno M.D., et al., Third-Party Defendants.


Bowles Liberman & Newman LLP, New York (David K. Bowles of counsel), for appellant.
Kaiser Saurborn & Mair, P.C., New York (Henry L. Saurborn, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood), entered April 4, 2018, which denied defendant/third-party plaintiff Patients Medical, P.C.'s (Patients Medical) motion for a preliminary injunction enjoining plaintiff Marcia Harris, M.D. (Harris) from breaching certain restrictive covenants in an employment agreement between her and Patients Medical, and enjoining third-party defendants John P. Salerno, M.D. (Salerno) and Salerno Complementary Medicine, PLLC (PLLC) from interfering with the agreement during pendency of the matter, unanimously affirmed, with costs.
A preliminary injunction is an extraordinary provisional remedy which will only issue where the proponent demonstrates (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balance of equities tipping in its favor (CPLR 6301; Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). The granting of such relief is committed to the sound discretion of the motion court (Doe v Axelrod, 73 NY2d 748 [1988]). Here, the court providently exercised its discretion in denying a preliminary injunction.
Patients Medical has not demonstrated a likelihood of success on the merits. Under New York law, "[a] restraint is reasonable only if it: (1) is no greater than is required for the protection of the legitimate interest of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public" (BDO Seidman v Hirshberg, 93 NY2d 382 388-389 [1999]). In cases between professionals, courts recognize the legitimate interest an employer has against unfair competition, but, to avoid broad restraints on competition, have limited such employer interests "to the protection against misappropriation of the employer's trade secrets or of confidential customer lists, or protection from competition by a former employee whose services are unique or extraordinary" (id at 389). We have found restrictive covenants to be unenforceable where the employees have not used the employers' confidential business information, or where the employees' services were not extraordinary or unique (Buhler v Maloney Consulting, 299 AD2d 190 [1st Dept 2002]; TMP Worldwide v Franzino, 269 AD2d 332 [1st Dept 2000]).
Patients Medical has not established that Harris's OB/GYN and ancillary services are unique or extraordinary such that they gave her an unfair advantage over its practice. Patients Medical has not demonstrated an unfair competitive advantage as it is undisputed that Harris brought her own OB/GYN practice to Patients Medical and that Patients Medical did not offer [*2]OB/GYN care after Harris left the practice. Accordingly, Patients Medical has not shown that the restrictive covenants were necessary to protect its legitimate interests.
We find that irreparable harm is not established as monetary damages is an adequate remedy (Metropolitan Med. Group, v Eaton, 154 AD2d 252 [1st Dept 1989]; see also Sterling Fifth Assoc. v Carpentille Corp, 5 AD3d 328 [1st Dept 2004]). Moreover, the equities tip in Harris' favor. Granting a preliminary injunction would disrupt the physician-patient relationship she has with her current patients.
We have considered Patients Medical's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK