Wright v City of New York (2026 NY Slip Op 50294(U))

[*1]

Wright v City of New York

2026 NY Slip Op 50294(U)

Decided on March 9, 2026

Supreme Court, New York County

Marcus, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 9, 2026
Supreme Court, New York County

Hillary Wright, Plaintiff,

againstThe City of New York; MAYOR BILL DE BLASIO; NEW YORK CITY POLICE DEPARTMENT (NYPD) 
 COMMISSIONER DERMONT SHEA; NYPD CHIEF OF DEPARTMENTTERANCE MONAHAN; DEPUTY INSPECTOR ANDREW HILLERY, POLICE OFFICER AMEL CIRIKOVIC, SERGEANT GREGORY BALUZY, CAPTAIN CHRISTOPHER TREUBIG, AND NYPD MEMBER DOES 1-6, Defendants.

Index No. 154194/2022

Plaintiff: Cohen & Green P.L.L.C., 16-39 Centre St Suite 216, Ridgewood, NY 11385Defendant: New York City Corporation Counsel, 100 Church Street, New York, NY 10007

Ilana J. Marcus, J.

The following e-filed documents, listed by NYSCEF document number (Motion 008) 157-162, 166, 167, 169-178 were read on this motion for SANCTIONS.
Plaintiff moves pursuant to CPLR 3126, 22 NYCRR. 221.2, and 22 NYCRR 130-1.1 for sanctions against defendants and their counsel based on alleged improper conduct during the deposition of Detective Amel Cirikovic. Defendants oppose plaintiff's motion and cross-move for a protective order under CPLR 3103(a). Plaintiff's motion is granted to the extent that the parties shall reconvene the deposition of Detective Amel Cirikovic to answer the lines of questioning that were improperly foreclosed, and that defendants must identify a deponent at least 10 days in advance of all further depositions, and is otherwise denied. Defendant's cross motion for a protective order is denied.BACKGROUND AND ARGUMENTSThis action arises from plaintiff's claims against the City of New York and several NYPD [*2]officers relating to plaintiff's arrest during a protest. During discovery, plaintiff conducted the deposition of defendant Officer Amel Cirikovic on December 9, 2025. Plaintiff contends that during the deposition, defense counsel repeatedly instructed the witness not to answer questions without a proper basis pursuant to the Uniform Rules governing depositions. Plaintiff asserts that counsel issued numerous instructions not to answer questions relating to, among other things, the officer's educational background, his training and compliance with NYPD policies and the Patrol Guide, and his disciplinary history.[FN1]

Plaintiff further contends that defendants violated a prior court order dated January 6, 2026, directing defendants to identify the officer to be produced for the deposition at least ten (10) days before the deposition. Defendants disclosed the identity of the witness approximately twenty-four hours before the deposition, which plaintiff states impaired plaintiff's ability to prepare.
Defendants oppose plaintiff's motion and cross-move for a protective order pursuant to CPLR 3103(a), barring any further deposition of Officer Cirikovic. Defendants argue that their counsel's objections and instructions not to answer were proper and were made in good faith to prevent questioning that was improper, invasive of privacy, or directed toward legal conclusions concerning internal NYPD policies.

DISCUSSION
New York maintains a liberal discovery policy requiring "full disclosure of all matter material and necessary in the prosecution or defense of an action" CPLR 3101(a). The Court of Appeals has repeatedly emphasized that the phrase "material and necessary" must be interpreted liberally to require disclosure of any facts bearing on the controversy that will assist in the preparation for trial (see Kapon v Koch, 23 NY3d 32 [2014]).
The New York Uniform Rules governing depositions further codify the broad scope of permissible questioning. Under 22 NYCRR 221.2:
A deponent shall answer all questions at a deposition, except (i) to preserve a privilege or right of confidentiality, (ii) to enforce a limitation set forth in a court order, or (iii) when the question is plainly improper and would, if answered, cause significant prejudice to any person. An attorney shall not direct a deponent not to answer except as provided in CPLR Rule 3115 or this subdivision. Any refusal to answer or direction not to answer shall be accompanied by a succinct and clear statement of the basis therefor.The narrow exceptions set forth in 22 NYCRR 221.2 permit a scope of examination on deposition that is broader than what may be admissible at trial, and counsel may not instruct a witness not to answer absent one of the enumerated grounds (see White v Martins, 100 AD2d 805 [1st Dept 1984]). Even where a question appears improper or irrelevant, the witness generally must answer and objections may be preserved for trial (see Spatz v Wide World Travel Serv., 70 AD2d 835 [1st Dept 1979]).
In opposing plaintiff's motion, defendants cite Public Officers Law § 87 to argue that plaintiff's questions regarding where Detective Cirikovic completed college were plainly improper because any answer would cause an unwarranted invasion of privacy. Defendants' [*3]argument is without merit.
Defendants fail to address how such objection falls within the exceptions listed in 22 NYCRR 221.2. Moreover, during the same deposition, Detective Cirikovic testified that he provided this information in a published interview in a Montenegrin national newspaper. Defendants' argument that disclosure of such information could allow other individuals to locate the officer's home address, and that of their family, is unsupported by any of the facts presented and is purely speculative in nature. As such, defendants fail to provide any argument as to how answering plaintiff's question would cause Detective Cirikovic any prejudice, let alone significant prejudice.
Next, defendants argue that violations of the Police Department training manual could not be the basis for liability against defendants in this matter, and that as such, Detective Cirikovic should not be required to answer any questions regarding his conduct in relation to the NYPD Patrol Guide. Again, defendants' argument is without merit.
The Court of Appeals has held that violations of internal police rules do not themselves create civil liability (see Galapo v City of New York, 95 NY2d 568 [2000]). However, such internal guidelines may nevertheless be discoverable or otherwise relevant to factual issues in the case, as internal rules may constitute some evidence bearing on the circumstances of the conduct at issue even though they do not establish the legal standard of care (see Danbois v New York Cent. R.R. Co., 12 NY2d 234 [1963]). Defendants again fail to address how such objection falls within the exceptions listed in 22 NYCRR 221.2 and how answering the questions presented would cause significant prejudice.
Lastly, defendants argue that their instructions to Detective Cirikovic not to answer any questions about an unrelated Civilian Complaint Review Board (CCRB) disciplinary recommendation for excessive force at a protest were proper. Defendants contend that such line of questions was improper because plaintiff sought to elicit this information using a redacted copy of the document plaintiff obtained from publicly available sources and that permitting further questioning on this issue would subject defendants to harassment. Defendants' argument is again without merit.
In the context of civil discovery, "[d]isciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable" (Bell v City of New York, 2015 WL 5437306 [EDNY Sept 15, 2015]). Here, approximately twenty (20) minutes after defendants informed plaintiff that they would produce Detective Cirikovic for the deposition, plaintiff informed defendants that plaintiff had a redacted copy of the CCRB recommendation and asked that the defendants provide an unredacted copy for questioning (see NYSCEF Doc. No. 178). Defendants failed to provide such copy and now argue that plaintiff's line of questioning should be precluded because the document on which plaintiff based the questions was not directly provided and exchanged by the defendants. This argument is untenable and is a product of defendants' own doing. Nevertheless, defendants again fail to address how such objection falls within the exceptions listed in 22 NYCRR 221.2 and how answering the questions presented would cause significant prejudice.
Sanctions for discovery misconduct may be imposed under CPLR 3126 where a party's conduct is willful or contumacious. The court also retains authority under 22 NYCRR 130-1.1 to impose sanctions for frivolous conduct. "An award of costs and sanctions is discretionary" (Orner v Mount Sinai Hosp., 305 AD2d 307 [1st Dept 2003]).
Plaintiff demonstrated that several of defense counsel's instructions not to answer were inconsistent with the requirements of 22 NYCRR 221.2. Because defendants failed to show that the questions at issue were privileged, subject to a court-ordered limitation, or "plainly improper" and prejudicial, plaintiff is entitled to continue the deposition of Officer Cirikovic. Consequently, plaintiff's motion for sanctions is granted to the extent that the parties shall reconvene the deposition of Detective Amel Cirikovic to answer the lines of questioning that were improperly foreclosed. The court denies plaintiffs' request for further sanctions but directs defendants to review the New York Uniform Rules governing depositions set forth in 22 NYCRR 221.2, as well as 22 NYCRR 130-1.1 and its prohibition on frivolous conduct. Further, the court cautions defendants as the parties continue to litigate this matter.
Accordingly, it is hereby
ORDERED that plaintiff's motion is granted to the extent that plaintiff may conduct a continued deposition of defendant Officer Amel Cirikovic to further inquire about the lines of questioning that were previously foreclosed; and it is further
ORDERED, that defendants must identify and disclose the name of a deponent at least ten (10) days in advance of any future deposition; it is further
ORDERED that defendants' cross-motion for a protective order barring further deposition of Officer Amel Cirikovic is denied; and it is further
ORDERED that plaintiff's request for further sanctions and attorneys' fees is denied.
This constitutes the decision and order of the court.
DATE 03/09/2026Ilana J. Marcus, A.J.S.C.

Footnotes

Footnote 1:See Cirikovic Tr. (NYSCEF Doc. No. 159) at 13:22-14:1; 15:3-5; 26:18-19; 27:6-7; 28:21-22; 29:12-13; 33:9-12; 34:14-15; 38:20-21; 43:15-16; 44:1-2; 44:12-13; 73:21-24; 77:5-6; 78:16-18; 81:10-12; 81:23-24; 82:19-20; 83:4-5; 105:19-20; 106:3-4.