■    EVELYN C. HAIRE, as Administratrix, of the Estate of RICHARD HAIRE, Deceased, Respondent, v. LONG ISLAND RAIL ROAD COMPANY et al., Appellants.— Order of the Supreme Court, Suffolk County, dated May 9, 1967, modified as to the fourth decretal paragraph as follows: (1) by adding to the provision that "statements and/or reports" are to be produced, i.e., after the word "otherwise", the following: "to ascertain whether the records are for the purpose of litigation or made in the regular course of business"; and (2) by adding to the provision that defendant Bell's "complete personal file" is to be produced, i.e., after the date "March 26, 1966", the following: "to determine his physical condition during said period of employment and whether they reveal that he was suffering from the same condition during that period as it is claimed he was suffering at the time of the accident involved in this action." As so modified, order affirmed insofar as appealed from, without costs. The examinations shall proceed, upon 10 days' written notice, at such times and places as set forth in the notice or at such other times and places as the parties may stipulate. The court does not now pass on the admissibility of the evidence which will be adduced at the examination. As indicated by the modification here made, the statements and/or reports referred to are to be produced so that it may be ascertained whether they were made in preparation for litigation or in the regular course or business (CPLR 3101, subd. [d]). The records and reports pertaining to defendant John Bell, Jr., are to be produced to determine his physical condition during the period of his employment by the defendant railroad company up to and including March 26, 1966 and whether those records and reports indicate that he was suffering from the same condition during that period as it is claimed he was suffering at the time of the accident which gave rise to this action. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur. [53 Misc 2d 536.]