■ SOVEREIGN INDUSTRIES CORP. et al., Appellants, v RALEIGH WAREHOUSE, INC., et al., Defendants, and EVELYN SHARP et al., Respondents. ILLFELDER TOY CO., INC., et al., Plaintiffs, v RALEIGH WAREHOUSE, INC., et al., Defendants.—Order, Supreme Court, New York County, entered September 18, 1979, denying the motion of plaintiffs-appellants in Action No. 1 (Sovereign Industries) for a protective order, and directing that they comply with the notice of discovery and inspection of defendants-respondents Evelyn Sharp, Sharp, Ltd., and Peter Sharp & Company, Inc., unanimously modified, on the law and the facts, to deny the protective order only with respect to a specific investigative report referred to herein as the "Sullivan report", and to provide for an *in camera* inspection of such report in accordance with this memorandum, and otherwise affirmed, without costs and without disbursements. This is an action for property damage sounding in negligence and nuisance. Defendants-respondents were at various times owners of a warehouse complex in midtown Manhattan and leased the premises to defendant Raleigh Warehouse, Inc., for the purpose of conducting a public warehouse. On January 7, 1977, a fire (arson) occurred which destroyed most of the premises. The fire was brought under control the following day but continued to smolder in the debris of portions of the complex until March 1, 1977. The insurance companies insuring the property of the named plaintiffs-appellants in the first action retained counsel immediately following the January 7, 1977 fire. Appellants' counsel on January 26, 1977 retained the services of a John B. Sullivan to conduct "a full and complete investigation of all facets attendant upon this fire loss." On March 1 or March 2, 1977, Sullivan inspected the remaining portion of the complex which could be entered, ostensibly for the purpose of inspecting the sprin-

kler system. On March 8, 1977, another fire totally destroyed the remaining portion, rendering any further inspection impossible. Subsequently, Sullivan prepared a report which appellants contend is based on the totality of his investigation, from information obtained from members of the fire department and from a report prepared by that department, in addition to information garnered from the inspection of the property itself. The instant action was instituted in December, 1977. Shortly thereafter, respondents brought on a discovery notice under CPLR 3120 as to "any and all reports, reviews and/or statements prepared by experts or consultants, concerning the fire; its propagation, cause thereof and the resulting damage [and] Any and all photographs taken of the aforementioned premises". Appellants, in turn, moved for a protective order characterizing this particular report as attorney work product and/or material prepared for litigation and thus immune from discovery and inspection under CPLR 3101 (subd [c] or [d]). In opposition to appellants' motion, respondents argued against immunity on either ground and invoked the provision of CPLR 3101 (subd [d]), which specifically allows discovery of certain material prepared for litigation when that material can no longer be duplicated and the lack of which would result in undue hardship. In so arguing, respondents contend that the second fire of March 8, 1977 precluded a meaningful investigation of the scope afforded appellants. In denying the protective order, Special Term found on the basis of the submitted affidavits that the Sullivan report was within the ambit of the discovery notice and was not protected by CPLR 3101 (subd [c]) or (subd [d]). In modifying the order of Special Term, we direct an *in camera* review to allow a more informed determination of whether this particular report was indeed prepared for the express purpose of litigation, in order to qualify for immunity from discovery (*Haire v Long Is. R. R. Co.,* 29 AD2d 553), or was made in the ordinary course of business of the insurance companies. If it is determined to have been prepared solely and exclusively for the purpose of litigation, and, therefore, a conditional immunity attaches (*Kandel v Tocher,* 22 AD2d 513), further inquiry will reveal whether there are other means available to respondents to duplicate the substance of this report. Respondents argue they could not conduct a similar expert inspection due to the complete destruction of the subject matter and that, in itself, that is undue harship. However, appellants raise the possibility that at least some portions of the Sullivan report were derived from reports and interviews which respondents could pursue even now. Special Term should have the opportunity to make an informed determination on this issue as well. Concur—Murphy, P. J., Kupferman, Birns, Sandler and Carro, JJ.