■ GREENLEIGH ASSOCIATES, INC., Respondent, v NEW YORK POST CORPORATION et al., Appellants.—Order, Supreme Court, New York County, entered December 27, 1979,[1] unanimously reversed, on the law, to the extent appealed from, the motion to direct defendants-appellants to answer questions posed at deposition regarded as though it were to reopen the examination, and defendants-appellants directed to appear therefor, the subject matter thereof to be limited as hereinafter set forth, without costs or disbursements. The suit is for defamation of the corporate plaintiff said to be in newspaper articles in a publication of the corporate defendant concerning conduct of plaintiff's business. It became necessary to establish "gross irresponsibility" on the part of defendants as described in Chapadeau v Utica Observer-Dispatch (38 NY2d 196). To this end, defendant Newton, the reporter who wrote the articles, was being deposed on two subjects, the sources of the information used in his articles, and the nature and operation of the editorial process leading to their publication. On advice of counsel, he refused to answer either set of questions. Plaintiff moved, returnable in Part I-A of Special Term (Rules of Supreme Court, New York and Bronx Counties, 22 NYCRR 660.8 [b] [6] [i]), to compel answers. The issues were fully briefed and the motion argued to a Special Master. The Justice presiding did not decide the issue; instead, the subject order was made referring the examination to Special Term, Part II, for rulings there. This has not alone the wasteful result of ignoring the availability by Part I-A and of the briefs there filed, as well as the arguments to the Special Master, but imposes upon the parties the difficulty of nonappealability of the rulings at Special Term, Part II.[2] (See Tri-State Pipe Line Corp. v Sinclair Refining Co., 26 AD2d 285.) Further, it frustrates the very purpose for which Part I-A exists. Therefore, it becomes our obligation to do what Special Term should have done. (See CPLR 5501, subd [c]; Siegel, New York Practice, p 731.) As to the revelation of sources, plaintiff has an obligation to demonstrate that it has first endeavored to obtain this information by other means instead of directly intruding upon the self-imposed confidentiality of those who gather news. (Silkwood v Kerr-McGee Corp., 563 F2d 433.) Subdivision (b) of section 79-h of the Civil Rights Law, though not directly here applicable, bespeaks a public policy on the subject. Therefore, we would restrict the deposition at this juncture

1. Actually, reargument having thereafter been granted on application by defendant-appellant-respondent, and the earlier order having been adhered to on reargument, that order may be said to have succeeded itself as the order to be appealed from. Despite absence of a notice of appeal from that order in its new identity, it is reviewed pursuant to CPLR 5517 (subd [b]).

2. There may be a question as to defendant-respondent-appellant's standing to conduct this appeal as not being an aggrieved party (CPLR 5511) in that its adversary was the party frustrated in its effort to have questions answered. Both sides were aggrieved actually by the factors hereinabove listed. Recognizing this, both moved togther to secure reargument of the frustrating order to go to Special Term, Part II, and, though each seeks a separate result, they both seek authoritative guidance on this appeal as to its subject matter.

solely to editorial process, which may be pursued, provided it does not intrude into the area of sources. Again, as to that aspect, this is without prejudice to a new application by plaintiff in accordance with *Silkwood (supra),* should that necessity come to pass. The importance of the subject of where the information came from upon which the articles were based, the care taken in their selection, the integrity of the process pursued in writing and editing, all are illustrative of the importance of this area to plaintiff's case, and need not again be established as predicate to such an application. Concur—Birns, J. P., Sullivan, Markewich, Lupiano and Silverman, JJ.