■ STEVEN ZWEIG, as Assignee of YUJI UMEDA, et al., Respondents, v SAFECO INSURANCE COMPANY OF AMERICA, Appellant, et al., Defendants. — Motion, insofar as it seeks leave to appeal to the Court of Appeals denied, and insofar as it seeks reargument, granted to the extent of recalling and vacating the prior order of this court entered on May 27, 1982 (88 AD2d 797) and substituting a new order therefor, as indicated in the order of this court, and the following memorandum decision filed therewith: Order, Supreme Court, New York County (Ryp, J.), entered September 18, 1981, modified, on the law, to provide that the production of the subject files and manual shall be by a person designated by defendant-appellant with sufficient knowledge of their nature and background to be able to provide evidence as to whether the same or any parts thereof constitutes material prepared for this litigation and hence not subject to discovery, such examination to be under the supervision and management of the Justice presiding at Special Term, Part 1-A or a special master designated by him, who shall, where necessary, inspect any such file or

manual *in camera* and rule upon its availability for examination. That order is otherwise affirmed, without costs. Plaintiff-respondent, injured in an auto accident as a passenger in another's car when in collision with a vehicle owned and operated by one Umeda, sued all drivers and owners. Both cars were insured, Umeda's by defendant-appellant Safeco. Plaintiff settled with the insurer of the vehicle in which he had been a passenger for $50,000, but defendant Safeco refused to offer any more than $40,000. The jury verdict was for $850,000, reduced by the court to $750,000. Plaintiff then took an assignment from Umeda of the latter's claim against Safeco for not negotiating settlement in good faith, and later sued Safeco in his own right. On motion, Safeco was directed to supply its home office file and an identifying witness. During the examination, plaintiff learned of another file located in New Jersey, as well as a claims manual of procedure, and, by order of September 18, 1981 (this appeal), Ryp, J., ordered production of defendant's entire home office file, its entire Riveredge, New Jersey, file, and its claims manual. While defendant concedes entitlement to these files up to the underlying claim, it argues that later files constitute material prepared for this litigation. It would be wasteful and an intolerable burden upon Special Term to conduct the necessary inspection and to make the required prediscovery rulings in any way other than that hereby directed. (See *Greenleigh Assoc. v New York Post Corp.*, 79 AD2d 588; Rules of Supreme Ct, Bronx & New York Counties, 22 NYCRR 660.8 [b]; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.59.) Also, compare *Sovereign Inds. Corp. v Raleigh Warehouse* (74 AD2d 746), wherein the task of *in camera* inspection was far less burdensome than here. Further, a ruling as to whether material was prepared for this litigation may well depend on ascertainment of the date when preparation for this litigation began; once that ruling has been made, it might well be held that material generated thereafter would be beyond the pale of discovery. The motion papers indicate the probability that the claims manual may be conceded to be discoverable. In any event, a few rulings made after *in camera* inspection would bid fair to resolve this controversy. A date for appearance of counsel and the knowledgeable witness referred to shall be agreed upon within 20 days from publication hereof. Should there be no agreement within that time, the court will select such a date upon application therefor. Concur — Kupferman, J. P., Markewich, Lynch and Milonas, JJ.