■ In the Matter of LESLIE LUBIN, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants. — In a proceeding pursuant to CPLR article 78, to, *inter alia,* compel the Board of Education of the City of New York to restore petitioner to his former position as a teacher of homebound children, the appeal is from a judgment of the Supreme Court, Kings County (Leone, J.), dated March 30, 1982, which, *inter alia,* granted the petition. Judgment reversed, on the law, without costs or disbursements, and petition dismissed. Assuming, *arguendo,* that Special Term correctly decided that the determination in issue became final and binding upon the petitioner only when the appellants "issued its [*sic*] own unequivocally clear and final determination as to whether either of petitioner's licenses [for the teaching of homebound children] were [still] in effect", the four months within which the petitioner was required to commence the instant proceeding (CPLR 217) must have commenced running no later than November 29, 1979, the date upon which he was notified by the board of education that his 1973 license as "Teacher of Homebound Children" was valid but that he had been appointed to his former position as a teacher of homebound children from the 1972 rather than the 1973 eligibility list and that his appointment thereunder had been terminated on June 30, 1976 upon the revocation of his 1972 license. Accordingly, the

instant proceeding, which was not commenced until July 1, 1980, is time barred. The ensuing correspondence between the parties, which was in effect, an application for reconsideration by the board of education of its prior determination, neither tolled the applicable Statute of Limitations nor began anew the time within which review could be sought (see *Matter of De Milio v Borghard,* 55 NY2d 216, 221-222; *Matter of Trivedi v State Bd. of Law Examiners,* 86 AD2d 719; cf. *Matter of Camperlengo v State Liq. Auth.,* 16 AD2d 342). On this analysis, we need pass upon no further issue. Gulotta, J. P., O'Connor, Bracken and Brown, JJ., concur.