■ Barbara N. Blitz et al., Respondents-Appellants, v Guardian Life Insurance Company of America, Appellant-Respondent — Order of the Supreme Court, New York County (Alfred Ascione, J.), entered June 29, 1982, which denied defendant's motion to compel Gail Blitz and Gary Blitz to answer questions posed at their depositions, and directed that the deposition continue with rulings on objections to be obtained by the Justice presiding at Special Term, Part II, is unanimously modified, on the law and the facts, to grant the motion to the extent of directing the plaintiff Gary Blitz to answer the disputed questions directed to him, except the question as to whether he claimed the other insurance companies who requested an autopsy did so for reasons other than to determine whether or not the claim would be properly payable and the question as to whether he was aware that the Judge had stated in his opinion that he was told by the New York City Medical Examiner that an autopsy could be performed under these circumstances up to one year after death, and is otherwise affirmed, without costs. In the order appealed from with respect to defendant's questions Special Term did just what this court disapproved of in *Greenleigh Assoc. v New York Post Corp.* (79 AD2d 588), i.e., on a direct motion

on notice and a full record to compel answers to questions on a deposition, Special Term instead of deciding the issues merely referred the examination to Special Term, Part II, for rulings. This court said: "This has not alone the wasteful result of ignoring the availability by Part I-A and of the briefs there filed, as well as the arguments to the Special Master, but imposes upon the parties the difficulty of nonappealability of the rulings at Special Term, Part II. (See *Tri-State Pine Line Corp. v Sinclair Refining Co.*, 26 AD2d 285.) Further, it frustrates the very purpose for which Part I-A exists. Therefore, it becomes our obligation to do what Special Term should have done." This situation, where Special Term has not made any rulings on particular questions, is to be distinguished from the situation where Special Term has in fact ruled on particular questions. The latter situation may present somewhat different problems. (See *Spatz v Wide World Travel Serv.*, 70 AD2d 835.) Questions addressed to Gail Blitz all relate to what she understood her contentions to be in the lawsuit, i.e., matters of law and interpretation of the pleading which are not properly a matter for testimony; those questions should not be answered. On the other hand, with the exception of the questions noted above, the questions addressed to Gary Blitz related to the degree of information he had as to a prior suit, which he now alleges had caused him mental anguish and psychological trauma; and those questions are relevant and material to those issues and should be answered. However, as Special Term ruled, plaintiffs' questions as to defendant's legal expenses are irrelevant. Concur — Sandler, J. P., Silverman, Bloom, Fein and Alexander, JJ.