MOROZE & SHERMAN, P. C., Respondent, v M. BRIAN MOROZE, as Executor of FRANK MOROZE, Deceased, Appellant.

First Department, November 20, 1984

### APPEARANCES OF COUNSEL

*James A. Reaves* of counsel (*Reaves & Yates,* attorneys), for appellant.

*Jacob W. Heller* of counsel (*Richard F. Horowitz* with him on the brief; *Heller, Horowitz & Feit, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

ASCH, J. P.

Plaintiff law firm, a professional corporation, brought this action for declaratory judgment to determine the value of the shares of the corporation held by Frank Moroze, a 50% shareholder of the corporation at the time of his death, pursuant to section 1510 of the Business Corporation Law. Defendant, the

executor of the estate of the deceased shareholder, counterclaimed for damages based upon plaintiff's failure to redeem the shares as required by section 1510 of the Business Corporation Law, asserting that the book value of the corporation should include fees earned but not billed or collected as of August 31, 1981, and the fair value of work performed prior to August 31, 1981, on matters which were not completed as of that date. The by-laws of the corporation provide that the corporation was to redeem the shares of a shareholder in the event of death "at the book value of such shares as of the end of the month immediately preceding the death * * * as determined from the books and records of the corporation in accordance with its regular method of accounting" (the decedent died on Sept. 4, 1981).

When the surviving shareholder Sherman appeared for deposition, he refused to respond, upon direction of counsel, to questions concerning events occurring subsequent to decedent's death, including the amounts of fees collected after such death even if earned and/or billed prior to such death; the resolution of matters pending at the time of the death, and the identity of documents reflecting such matters.

Further, two months after Moroze's death a new partnership was formed and Sherman refused to respond to questions as to whether there had been a valuation of plaintiff's law practice at that time. Defendant then moved to compel disclosure and for sanctions. Special Term denied the motion to compel disclosure and to impose sanctions holding that defendant's questions concerning financial activities subsequent to Frank Moroze's death were presently irrelevant and that defendant must first show that plaintiff's method of accounting was such that those financial activities are a legitimate concern. We disagree.

Initially, we note that the order herein was entered after a motion in which the issues were fully briefed and argued. It is therefore appealable (see *Greenleigh Assoc. v New York Post Corp.,* 79 AD2d 588; *Blitz v Guardian Life Ins. Co.,* 99 AD2d 404; *White v Martins,* 100 AD2d 805).

Plaintiff's reliance on cases involving an accounting which require a threshold showing of merit is not well founded. Here, it is clear that the defendant estate is entitled to some redemption and the issue presented is merely the amount of such redemption. The further contention by plaintiff that the discovery sought would be oppressive and burdensome is also without merit. The plaintiff must surely know or can easily ascertain the status of its own matters pending at the time of decedent's death.

The issue presented is the interpretation of the Business Corporation Law relating to a small professional corporation whose only books and records were apparently maintained for internal and tax purposes. It is clear that the interpretation urged by plaintiff, excluding even accounts receivable, would produce a harsh result. This result, moreover, would be contrary to that reached in the case of a partnership (see *Jackson v Hunt, Hill & Betts,* 7 NY2d 180) and in the case of a professional corporation which never specified a method for evaluation in the case of redemption upon termination of employment (see *Lewis v Vladeck, Elias, Vladeck, Zimny & Engelhard,* 57 NY2d 975).

The decedent, whose practice was concentrated in the tax certiorari field, utilized section 1510 of the Business Corporation Law in 1972 to form this professional corporation after he had been in practice for 30 years. Three years later, in 1975, Isaac Sherman became a 50% shareholder in the corporation, the name of which was changed to Moroze and Sherman, P. C. Thus they were shareholders for about six years before Moroze's death. In this case involving novel questions of law concerning the interpretation of section 1510 of the Business Corporation Law, it will certainly be relevant upon plaintiff's anticipated summary judgment motion at the conclusion of discovery to know precisely how much of a "windfall" Sherman will receive if plaintiff's interpretation of section 1510 of the Business Corporation Law is upheld. Thus, defendant should be entitled to conduct discovery to the full extent permissible under CPLR 3101, restricted only by a test "for materiality 'of usefulness and reason'" for the evidence and its need in good-faith preparation for trial (*Hoenig v Westphal,* 52 NY2d 605, 608) and not by the strict rules of admissibility of evidence at trial. Although we express no opinion at this time as to the correct interpretation of the statute under the present circumstances, discovery should proceed in the same manner as with the evaluation of a deceased attorney's share in a partnership (see *Dwyer v Nicholson,* 89 AD2d 597). The information obtained by defendant would clearly be relevant and useful in opposing plaintiff's renewed motion for summary judgment and in assisting the court's final interpretation and application of section 1510 of the Business Corporation Law.

Accordingly, the order of the Supreme Court, New York County (S. Schwartz, J.), entered January 4, 1984, which denied defendant's motion to compel disclosure and to impose sanctions, should be modified, on the law and the facts, and in the exercise of discretion. That portion of the motion seeking disclosure

should be granted and the order otherwise affirmed, without costs.

SILVERMAN, MILONAS and KASSAL, JJ., concur.

Order, Supreme Court, New York County, entered on January 4, 1984, unanimously modified, on the law and the facts, and in the exercise of discretion. That portion of the motion seeking disclosure is granted and the order is otherwise affirmed, without costs and without disbursements.