(April 17, 1986)

■ In the Matter of LESLIE LUBIN, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.— Judgment of Supreme Court, New York County (George Bundy Smith, J.), entered May 8, 1985, dismissing the petition, unanimously modified, on the law, to reinstate the petition to the extent of directing the Chancellor to make a determination, and otherwise affirmed, without costs and without disbursements.

Petitioner passed a qualifying examination, and was issued a license in 1972 to teach homebound children. Another license was issued in 1973 after petitioner successfully retook the same examination. Both of the licenses carried the condition that petitioner still had to meet preparatory eligibility requirements during the three years after issuance of the license. In March 1974 petitioner was appointed to an available position, but two years later he was notified that his 1972 license was to be invalidated for his failure to fulfill the educational requirements of the job. Termination of his employment became effective June 30, 1976, upon revocation of his license, with a recommendation by respondent Board of Education that petitioner's probationary service also be terminated as unsatisfactory.

In November 1979, in response to his inquiries, the Board informed petitioner that his 1973 license was still valid and that his prior appointment, which had been from the 1972 list, had been terminated in June 1976 upon the revocation of that license. Petitioner thereupon commenced a mandamus pro-

ceeding in July 1980 to compel his restoration to his position as a teacher. The grant of that petition in Kings County was reversed on appeal (95 AD2d 778). The Second Department ruled that that proceeding was time barred since the four-month Statute of Limitations (CPLR 217) had commenced running no later than November 1979, and had expired before the initiation of that proceeding. The Court of Appeals affirmed in December 1983, ruling that the four-month time bar commenced running on April 21, 1976, when petitioner was informed that his services were being terminated for failure to meet the requirements of his 1972 license (60 NY2d 974, *cert denied* 469 US 823).

Following unsuccessful reargument motions in February and May 1984 (61 NY2d 905, 62 NY2d 803), petitioner reapplied in June 1984 for restoration of his 1972 license. After waiting five months for a determination on that application, petitioner commenced this proceeding.

The first cause of action again seeks a writ of mandamus to compel respondents to grant petitioner's application for restoration of his 1972 license, and to compel his reinstatement as a teacher of homebound children. The second cause of action seeks to direct the parties to proceed to arbitration because of respondents' failure to resolve this grievance in accordance with the terms of an agreement in lieu of arbitration, reached in May 1984 between respondents and the United Federation of Teachers.

The relief sought under CPLR article 78 in this proceeding is quite similar to petitioner's prior unsuccessful proceeding, with the exception that petitioner now relies upon a Chancellor's regulation dated April 8, 1980, a successor to a 1976 Board of Education bylaw, which gave the Chancellor discretionary authority to restore a license terminated for failure to meet the full preparatory requirements within the specified period of time. The 1976 bylaw (§ 255b) provided in pertinent part that the Chancellor could restore a license which had been "terminated * * * for failure to meet requirements in full within a specified time period of five or ten years where the teacher has rendered satisfactory service thereunder for at least one year and where the full requirements for such license were met at a date later than the date otherwise required in these Bylaws, provided, however, that the date so required was between September 1, 1974, and September 15, 1977".

Under this bylaw the Chancellor could only so act up until

October 1, 1978. This provision was extended by amendment over the next two years, and on April 8, 1980 was replaced by Chancellor's regulation C-206, which extended the Chancellor's discretionary authority to restore such licenses up until October 1, 1980 "where the teacher has rendered satisfactory service thereunder for at least one year and where the full requirements for such license were met at a date later than the date normally required, provided, however, that the date so required was between September 1, 1974 and September 15, 1979". This latter amended version forms the basis of the first cause of action in the instant proceeding.

At the outset, it appears that in order to be considered, an application under regulation C-206 must have been made before October 1, 1980, the last date on which the Chancellor was empowered under this regulation to entertain an application for restoration of the license.

Petitioner contends that the Board of Education extended this regulatory provision for restoration of licenses beyond October 1, 1980. He relies upon the reference, in the superseded 1976 bylaw § 255b, to the Chancellor's discretionary authority to act where there has been a termination due to "failure to meet requirements in full within a specified period of five or ten years". Petitioner concludes that this extended the time within which he could apply under this provision for 10 years, viz., "until June 30, 1986".

However, the "five or ten years" period in the bylaw refers to the time within which an applicant must fulfill the missing requirements for restoration of a license, not an extension of the time within which to make an application therefor. Indeed, the reference to a "five or ten years" period was deleted from the superseding regulation C-206, which took effect in 1980.

Secondly, there is no indication in the petition that petitioner has yet met the required standards for restoration of his license. Regulation C-206 requires at least one year of satisfactory service. It is unclear whether this means service as a teacher, or specifically as a teacher of the homebound. The only evidence of service annexed to the petition sets forth certification for petitioner's 220 days of satisfactory service as a teacher of the homebound, through May 1972, followed by a subsequent certification of a total of only 68 more days of unspecified satisfactory service through June 8, 1973. Thus, the evidence provided in the petition falls short of the regulatory requirements of one year of satisfactory service.

Thirdly, in order to grant restoration of a license, the Chancellor must be satisfied that the applicant has now met "the full requirements for such license". It is unclear from the petition whether this requirement has been met. Annexed to the petition are public school teacher certificates issued by the State Education Department, certifying petitioner for service in "nursery, kindergarten and elementary grades 1-6" (dated Sept. 1, 1968 and Feb. 1, 1969) and "special education" (dated Sept. 1, 1984). Whether these certificates are acceptable as evidence of meeting the full requirements for teaching the homebound is unclear. In any event, this is a decision to be made by the administrative authority (Matter of Howard v Wyman, 28 NY2d 434).

Aside from the merits, mandamus does not lie to compel a discretionary act, namely, the restoration of petitioner's license and employment by the Chancellor of the Board of Education. However, petitioner is entitled to an administrative determination, one way or the other (Klostermann v Cuomo, 61 NY2d 525, 540).

In the Corporation Counsel's affirmation in support of respondents' cross motion to dismiss the petition, which was granted at Special Term, there is reference to a decision by the Commissioner of Education, dated January 7, 1985, "in a case which concerned, among other issues, a request that petitioner's regular license as a teacher of the homebound be extended beyond July 1, 1984." The Commissioner there dismissed the application as moot, finding that teacher eligibility lists in existence as of June 26, 1984 had been extended by statute for two years. Whether this directly affects this petitioner and this proceeding is unclear. Special Term did not rely upon that determination in granting the cross motion to dismiss.

As to the cause of action seeking arbitration, petitioner was not a party to any agreements between respondents and the United Federation of Teachers, and is thus powerless to compel arbitration of his situation. Petitioner's remedy in this respect, if any, would be against his union, on a question of whether the union had lived up to its fiduciary obligation to represent him fairly (Arizaga v New York City Health & Hosps. Corp., 96 AD2d 457). Special Term thus correctly held that petitioner's failure to join the union as a party was fatal to a cause of action to compel arbitration. Concur—Murphy, P. J., Sandler, Fein, Milonas and Ellerin, JJ.