■ HELEN M. LICITRA, Respondent-Appellant, v SHAW, LICITRA, EISENBERG, ESERNIO & SCHWARTZ, P. C., Appellant-Respondent. (Action No. 1.) HELEN M. LICITRA, Respondent-Appellant, v SHAW, LICITRA, EISENBERG, ESERNIO & SCHWARTZ, P. C., et al., Appellants-Respondents. (Action No. 2.)—In an action to compel purchase of a decedent's shares in a professional corporation pursuant to Business Corporation Law § 1510 (Action No. 1), and an action to recover damages for professional malpractice and breach of fiduciary duty (Action No. 2), (1) the defendant in Action No. 1 appeals, as limited by

its brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated August 13, 1990, as denied its motion for summary judgment dismissing the complaint in Action No. 1, and the plaintiff cross-appeals, as limited by her brief, from so much of that order as denied her motion to dismiss the first, third, and fourth affirmative defenses asserted by the defendant, and (2) the defendants in Action No. 2 appeal, as limited by their brief, from so much of an order of the same court, dated September 28, 1990, as denied their motion to dismiss the complaint in Action No. 2, and the plaintiff cross-appeals, as limited by her brief, from so much of that order as denied her cross motion to dismiss the second, third, fourth, fifth, and sixth affirmative defenses asserted by the defendants.

Ordered that the order dated August 13, 1990, is modified, by deleting therefrom the provision denying the defendant's motion for summary judgment in Action No. 1, and substituting therefor a provision awarding the defendant partial summary judgment on its third and fourth affirmative defenses; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the order dated September 28, 1990, is reversed insofar as appealed from, the defendants' motion is granted, and Action No. 2 is dismissed; and it is further,

Ordered that the order dated September 28, 1990, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff Helen Licitra is the widow of the late Joseph Licitra, a former partner in the law firm of Shaw, Licitra, Eisenberg, Esernio & Schwartz, P. C. The firm was incorporated as professional corporation in 1981, and at the time of his death on June 3, 1987, Joseph Licitra owned 21.793% of the corporation's outstanding stock. The plaintiff inherited her late husband's shares in accordance with his will, and she was appointed executrix of his estate on August 17, 1987. Although it is undisputed that the law firm has paid the plaintiff at least the sum of $388,400, apparently representing her proportionate share of certain accounts receivable it has collected, in September 1988 she commenced Action No. 1 seeking to compel the firm to formally redeem her late husband's shares in compliance with Business Corporation Law § 1510.

The defendant law firm thereafter moved for summary judgment in Action No. 1, contending that the plaintiff had

already been fully compensated for the book value of her late husband's shares as required by Business Corporation Law § 1510. In support of the motion, the defendant contended that the book value of the shares should be calculated pursuant to the firm's regular method of accounting, which was the cash method, and that the plaintiff should be entitled to her pro rata share of work in progress and accounts receivable on an "if, as and when collected" basis. The plaintiff opposed the motion, arguing that a question of fact existed with respect to the firm's regular method of accounting, and that the book value of the shares should be calculated to include work in progress and accounts receivable in existence at the time of her husband's death. The Supreme Court agreed that there were questions of fact regarding the regular method of accounting utilized by the firm, and denied the defendant's motion for summary judgment. We now modify, and award the defendant partial summary judgment based on its third and fourth affirmative defenses.

Pursuant to Business Corporation Law § 1510, a professional corporation must purchase a deceased shareholder's shares in the corporation within six months after the appointment of an executor or administrator, at the book value of the shares as of the end of the month preceding the shareholder's death. The statute further provides that the book value of the deceased shareholder's stock must be determined in conformity with the corporation's regular method of accounting. In the instant case, we find that the documentary evidence submitted by the defendant law firm, including copies of its income tax returns, conclusively demonstrates that the firm's regular method of accounting is the cash method. The plaintiff contends, however, that determining the book value of her shares in accordance with the cash method would be inequitable, because the cash method excludes consideration of work in progress and accounts receivable which existed at the time of her husband's death. We disagree.

Although a "harsh result" would be reached if the defendant's regular method of accounting were deemed to preclude the plaintiff from receiving her pro rata share of work in progress and accounts receivable which were in existence as of the end of the month preceding her husband's death (see, *Moroze & Sherman v Moroze*, 104 AD2d 70, 72), at bar, the defendant conceded at oral argument that its regular method of accounting requires the plaintiff to be compensated for such future earnings as and when they are received. This interpretation places the estate in the same position vis-à-vis future

earnings as the other shareholders of the firm, and is fully consistent with the purposes of the statutory redemption provision. Accordingly, we award the defendant partial summary judgment on its third and fourth affirmative defenses, and hold that the plaintiff must surrender her stock in the defendant corporation upon receipt of the book value of her shares, as determined by the cash method of accounting, and her pro rata share of all work in progress and accounts receivable in existence at the time of the statutory deadline which have been collected. The matter is remitted to the Supreme Court to determine, *inter alia,* the book value of the plaintiff's shares as of the end of the month preceding her husband's death, and the offset to which the defendant is entitled for sums previously paid to the plaintiff. In determining the book value of the plaintiff's shares pursuant to the cash method of accounting, we note, contrary to the defendant's contention, that the valuation of the professional corporation's shares which is contained in an unrelated agreement reached to compensate three partners who voluntarily left the firm is not controlling. Although a private agreement between all of the shareholders of a corporation may modify the valuation scheme of the Business Corporation Law *(see,* Business Corporation Law § 1510 [a]), here it is undisputed that the agreement in question was not signed by all outstanding shareholders. We note, moreover, that the subject agreement determined the value of the shares as of a date more than one month past the statutory valuation date set by Business Corporation Law § 1510.

In view of our resolution of the dispute concerning valuation of the plaintiff's shares in Action No. 1, Action No. 2 should be dismissed. Although Action No. 2 sounds in legal malpractice, alleging that the defendant law firm failed to advise the plaintiff of her statutory entitlement to redemption of her shares, the relief sought—redemption of the plaintiff's shares in accordance with the Business Corporation Law—is the same relief which the plaintiff is entitled to receive in Action No. 1. Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.