■ SUSAN NICKERSON, Respondent, v VOLT DELTA RESOURCES, INC., et al., Appellants. [606 NYS2d 156] —Order, Supreme Court, New York County (Robert Lippmann, J.) entered on or about November 23, 1992, which, *inter alia,* denied defendants' motion for a protective order requiring confidentiality as to their further deposition of plaintiff, unanimously modified, on the law, to reverse insofar as the order prohibited any further deposition of plaintiff and to remand the matter to the IAS Court for a specific determination on plaintiff's objections to questions which she refused to answer and defendants' demand that plaintiff turn over certain documents, and otherwise affirmed, without costs. Order of the same court and Justice, dated November 19, 1992, which granted similar relief, unanimously reversed as moot, without costs. Order of the same court and Justice, entered May 19, 1993, which, *inter alia,* granted plaintiff's motion for a protective order striking defendants' interrogatories, unanimously reversed, on the law, and the matter remanded to the IAS Court for a specific determination on plaintiff's objections, without costs.

This is an action for breach of an alleged oral employment contract under which it is claimed defendants are liable to plaintiff for a sales commission in the amount of $1,800,000.

The within appeal is from orders relating to matters that arose during discovery.

After deposing plaintiff for three days, defendants refused to proceed and instead sought an order protecting the remaining substance of the deposition from disclosure other than at trial, arguing that the areas still to be addressed involved confidential information. When plaintiff refused to stipulate to confidentiality, defendants brought this motion seeking a protective order, in which they also argued that plaintiff should be required to respond to numerous questions to which she had objected and declined to answer during the course of her deposition and that she should be required to turn over certain documents. The IAS Court denied the motion for a protective order and, furthermore, prohibited any further deposition of plaintiff. Subsequently, the IAS Court granted plaintiff's motion to strike defendants' interrogatories.

First, we find that these orders are appealable since they were entered on motions in which the issues were fully briefed and defendants have adequately demonstrated the alleged prejudice to their right to disclosure (see, e.g., Moroze & Sherman v Moroze, 104 AD2d 70, 71).

As to the defendants' entitlement to a protective order, plaintiff has conceded that her written employment contract requires her to maintain confidentiality concerning the matters at issue. Under these circumstances, defendants' refusal to proceed, at this late date, with further discovery without a court order requiring confidentiality was unwarranted, and the motion was properly denied as to this aspect. We find, however, that the IAS Court erred by its outright prohibition of any further deposition of plaintiff solely on the grounds that the deposition had already consumed 500 pages of transcript.

As to defendants' argument concerning plaintiff's failure to answer certain questions at her deposition, the IAS Court failed to rule on this aspect of the motion. The court similarly failed to rule on defendant's demand that plaintiff turn over documents in her possession. Moreover, in granting plaintiff's motion for a protective order striking defendants' interrogatories, the IAS Court failed to specify the reasons as to why each of the questions was improper. The IAS court is clearly in a better position to rule on the propriety of specific questions in either the deposition or the interrogatories than is this Court (see, White v Martins, 100 AD2d 805, 806). We therefore remand the matter for specific determinations as to

these issues. Concur—Murphy, P. J., Carro, Ellerin and Nardelli, JJ.