■ Mary Burrell, Appellant, v New York City Transit Authority, Respondent. [662 NYS2d 125] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about May 13, 1996, which denied plaintiff's motion to place the action on the trial calendar before completion of disclosure and to compel certain disclosure from defendant, unanimously modified, on the law and the facts, to the extent of remanding to the motion court for specific rulings on each of the 22 questions that defendant did not allow its witness to answer at his deposition, on each of the documents that defendant has refused to produce in response to plaintiff's demand, and on plaintiff's demand that defendant produce a supervisor and security officer for deposition, and otherwise affirmed, without costs.

To the extent leave to appeal to this Court is required herein, we grant such leave. We remand inasmuch as the motion court failed to make rulings on the propriety of particular deposition questions that defendant did not allow its witness to answer and of plaintiff's demands that defendant produce certain documents for inspection and certain other witnesses for deposition (*see, White v Martins*, 100 AD2d 805; *Nickerson v Volt Delta Resources*, 199 AD2d 212; *cf., Tommy Hilfiger U.S.A. v Insurance Co.*, 239 AD2d 255). However, the motion court did properly exercise its discretion in refusing to place the case on the calendar where, assuming defendant's objections at the deposition were unreasonable, it does not appear that the case would have been ready for trial had such objections not been made, and no showing is made that such unreadiness is due to other reasons beyond plaintiff's control (22 NYCRR 202.21). Absent such a showing, plaintiff's illness is relevant to an application for a preference after, not before, disclosure is completed. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.