■ DANIEL ORLANDO, Respondent, v ARCADE CLEANING CORP., by its Successor in Interest, INITIAL CONTRACT SERVICES, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [676 NYS2d 164] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about December 5, 1996, which granted plaintiff's motion to strike the answer of defendant Initial Contract Services as successor in interest to defendant Arcade Cleaning Corporation, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the motion denied, the answer reinstated, and the matter remanded for further proceedings.

The injured plaintiff's motion for sanctions was motivated by Initial's counsel's failure to produce certain documents, his instructions to a client at deposition not to answer certain questions he considered irrelevant or nonspecific, and his failure to produce—at the court's direction—another witness better able to answer the questions. The IAS Court viewed such "obstructive" conduct as evidence of "wilful and contumacious" frustration of the discovery process, and struck Initial's responsive pleading. We believe such a drastic sanction was unwarranted in the circumstances.

Plaintiff's employer was contracted to provide cleaning services for the building, and he was injured when a hand truck he was operating allegedly fell apart. The documents sought were the service contract and a list of the contractor's employees. The questions at issue were put to the contractor's day manager. Specifically, Initial's counsel objected to efforts to get the witness to (1) interpret the "full scope" of the contract, (2) identify who at the company might have knowledge of employment lists at the time of the accident, (3) state whether Initial owned a hand truck "anywhere" at the time of the accident or ever loaned one to someone other than its employees, and (4) explain the company's policy on retention of records at a particular work site.

Some of these queries were of questionable relevance. On the other hand, some of counsel's objections may have exalted form over substance.

Rather than impatiently curtailing this litigation, the IAS Court should have concentrated on making specific rulings on Initial's objections (*see, Nickerson v Volt Delta Resources*, 199 AD2d 212). There is insufficient evidence in this record of willful, contumacious or bad-faith failure to comply with discovery, which is the test for imposing the extreme and drastic sanction of striking a party's pleadings (*Dauria v City of New York*, 127 AD2d 459, 460). The movant bears the burden of coming forward with such a clear-cut showing of willfulness (*Forman v Jamesway Corp.*, 175 AD2d 514, 515). Neither the questions objected to nor the inability to produce a substitute witness or certain documentary evidence posed such a challenge to the IAS Court's authority as to warrant the imposition of such a sanction. Accordingly, the motion to strike Initial's answer is denied, and the matter is remanded for rulings on Initial's objections. Concur—Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.