■ JOHN PIRRAGLIA, Respondent, v JOFSEN, INC., et al., Appellants. [49 NYS3d 296]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered August 2, 2016, which, insofar as appealed from, denied defendants' motion to compel arbitration, unanimously modified, on the law, and the motion granted to the extent of remanding the matter for a framed-issue hearing only as to whether defendant Jofsen, Inc. had a valid agreement to arbitrate, and otherwise affirmed, without costs. Order, same court (Doris M. Gonzalez, J.), entered August 22, 2016, which denied defendants' motion to stay the enforcement of a notice to quit, unanimously reversed, on the law, without costs, and the motion granted. Order, same court and Justice, entered September 1, 2016, which granted plaintiff's motion to permanently stay the arbitration proceedings, unanimously modified, on the law, to grant the stay pending the disposition of the framed-issue hearing, and otherwise affirmed, without costs.

Defendants' motion to compel arbitration was properly denied with respect to Jorgenson's Landing, Inc. and John P. Jorgenson, since they were not parties to the original 1986 arbitration agreement (*see* CPLR 7503 [a]; *Matter of Lubin v Board of Educ. of City of N.Y.*, 119 AD2d 497, 500 [1st Dept 1986]). Their rights were governed by a 2003 lease agreement, which provided that all disputes were to be resolved in a court of law.

However, as to defendant Jofsen, Inc., there is a "substantial

question" whether a valid arbitration agreement was in place, requiring the motion court to conduct a framed-issue hearing on that question (*see* CPLR 7503 [a]; *Matter of Frankel v Citicorp Ins. Servs., Inc.*, 80 AD3d 280 [2d Dept 2010]; *see generally Matter of S.M. Wolff Co. [Tulkoff]*, 9 NY2d 356, 363 [1961]). Although Jofsen, Inc. was a party to the 1986 agreement, which required arbitration of all disputes, it was also a party to a subsequent lease agreement that stated contradictorily that the terms of the 1986 agreement remained in full force and existence and that all disputes were to be settled in a court of law. Thus, a framed-issue hearing is necessary to determine whether the latter agreement superseded the arbitration provision in the 1986 agreement.

Defendants established their entitlement to a stay of the notice to quit, served by plaintiff on defendants Jorgenson's Landing, Jorgenson, and Carl D. Madsen. They demonstrated a likelihood of success on the merits of whether the Jorgenson defendants and Madsen could be evicted from using the easement and pier at the center of plaintiff and Jofsen's dispute; the use of the pier and easement belonged to Jofsen, and the remaining defendants made use of the easement and pier as Jofsen's invitees (*see Menucha of Nyack, LLC v Fisher*, 110 AD3d 1037, 1042 [2d Dept 2013]). The record also shows that they would suffer irreparable harm if the notice to quit were enforced. Concur—Tom, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.