Pirraglia v Jofsen, Inc. (2019 NY Slip Op 02802)





Pirraglia v Jofsen, Inc.


2019 NY Slip Op 02802


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Richter, J.P., Gische, Kern, Moulton, JJ.


8728N 8727 8726

[*1] John Pirraglia, Plaintiff-Respondent,
v
Jofsen, Inc., et al., Defendants-Appellants.


Herrick, Feinstein LLP, New York (Raymond N. Hannigan and Janice I. Goldberg of counsel), for appellants.
Maldonado & Cruz, PLLC, Bronx (Angel Cruz of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about November 27, 2017, which found, after a framed-issue hearing directed by this Court (148 AD3d 648 [1st Dept 2017]), that Jofsen did not have a valid agreement to arbitrate, and denied its motion to compel arbitration, unanimously affirmed, without costs. Order, same court and Justice, entered on or about March 8, 2018, which granted plaintiff's motion to strike Jofsen's answer, counterclaims, and affirmative defenses, and denied defendants' cross motion to compel discovery and for a default judgment on the counterclaims of defendants Jofsen and Carl D. Madsen, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about June 18, 2018, insofar as it denied Madsen's motion to renew, unanimously affirmed, without costs. Appeal from so much of the June 18, 2018 order as (1) denied Jofsen's motion to renew and (2) denied defendants' motion to reargue, unanimously dismissed, without costs, as (1) academic in light of our disposition of the March 2018 order, and (2) as taken from a nonappealable paper, respectively.
Jofsen contends that paragraph 21 of the 2001 lease between itself and plaintiff, which says, "Any disputes will be settled in a court of law," does not supersede the 1986 agreement between itself and plaintiff's parents, which provides for arbitration. Jofsen does not dispute that by agreeing to paragraph 21 it intended to supercede the arbitration provision in the 1986 agreement and to litigate all issues involving the properties (as opposed to narrower issues involving the 2001 lease). Instead, Jofsen argues that defendant John P. Jorgenson was not authorized by Jofsen in writing to execute the lease on Jofsen's behalf and therefore, the 2001 lease was void. This argument is unavailing. The statutes on which Jofsen relies — General Obligations Law §§ 5-703, 5-1103, and 5-1111 — are inapplicable because the 2001 lease does not exceed a term of one year.
Moreover, Jofsen ratified the 2001 lease because it failed to repudiate it for more than 16 years (see Matter of Silicone Breast Implant Litig., 306 AD2d 82, 85 [1st Dept 2003]; Matter of Cologne Life Reins. Co. v Zurich Reins. [N. Am.], 286 AD2d 118, 126 [1st Dept 2001]). Accordingly, the 2001 lease is not unenforceable under General Obligations Law §§ 5-703, 5-1103 and 5-1111 because Jofsen's ratification of the lease was sufficient to take the lease out of the statute of frauds (see e.g. Richter v Zabinsky, 257 AD2d 397, 398 [1st Dept 1999]; Garfunkel v Malcolmson, 217 AD 632, 634 [1st Dept 1926]; Barnum v Frickey, 115 AD2d 977 [4th Dept 1985]).
Although the court properly denied Jofsen's motion to compel arbitration, it erred by granting plaintiff's motion to strike Jofsen's answer, affirmative defenses, and counterclaims. First, plaintiff's motion was untimely (see CPLR 3012[a] and 3211[e]). Second, a corporation — like Jofsen — that continues to carry on its affairs after it is dissolved for nonpayment of taxes is [*2]"a de facto corporation" (A.A. Sutain, Ltd. v Montgomery Ward & Co., 22 AD2d 607, 610 [1st Dept 1965], affd 17 NY2d 776 [1966]; see also Garzo v Maid of Mist Steamboat Co., 303 NY 516, 524 [1952]). "[A] dissolved corporation may sue or be sued on its obligations,
including contractual obligations" (MMI Trading, Inc. v Nathan H. Kelman, Inc., 120 AD3d 478, 479 [2d Dept 2014] [internal quotation marks omitted]). The statutes on which plaintiff relies — Business Corporations Law §§ 1509 and 1510 and Surrogate's Court Procedure Act § 2108 — are inapplicable. Third, "the ultimate penalty" of striking Jofsen's answer was unwarranted because it did not engage in "[e]xtreme conduct" (Dauria v City of New York, 127 AD2d 459, 460 [1st Dept 1987]). Plaintiff did not meet his "burden of coming forward with . . . a clear-cut showing of willfulness" (Orlando v Arcade Cleaning Corp., 253 AD2d 362, 363 [1st Dept 1998]).
Jofsen and Madsen were not entitled to a default judgment on their counterclaims, as they failed to comply with CPLR 3215(f). Similarly, on their cross motion to compel disclosure, defendants failed to comply with 22 NYCRR § 202.7(a) and (c).
It is well established that the denial of reargument is not appealable (see e.g. Sirico v F.G.G. Prods., Inc., 71 AD3d 429, 433 [1st Dept 2010]).
In light of our reversal of the portion of the March 2018 order that struck Jofsen's pleading, its appeal from the denial of its renewal motion is academic. As for Madsen's renewal motion, he still failed to submit either an affidavit or his verified counterclaim on his motion to renew that would establish his entitlement to a judgment on his counterclaim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK